UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
for the use of STATLER CONCRETE
& SUPPLY CO., a Michigan Corporation,

      Plaintiff,

v.

ADP CONCRETE SERVICES, INC., et al.,

      Defendants.
                                        /

File No. 5:05-CV-147

HON. ROBERT HOLMES BELL

**OPINION**

In this action Plaintiff Statler Concrete Company ("Statler") seeks payment for materials supplied on a federal construction project known as the Total Army School System Project (the "Project"). Plaintiff seeks recovery from Defendant Travelers Casualty and Surety Company of America ("Travelers") pursuant to a payment bond issued by Travelers to J.O.A. Construction Co., Inc. ("JOA"), pursuant to the Miller Act, 40 U.S.C. § 3131. This matter is currently before the Court on Travelers' renewed motion for summary judgment. (Dkt. No. 33, Travelers' Mot. for SJ.)

JOA was the general contractor on the Project. JOA hired Dynamic Construction Services, Inc. ("Dynamic") as a subcontractor to perform concrete work. Dynamic, in turn, hired ADP Concrete Services, Inc. ("ADP"). ADP then entered into a contract with Statler to supply materials for the Project. Prior to delivering materials, Statler, ADP and Dynamic

entered into a joint check agreement, by which they agreed that all payments for the project would be payable by joint check to Statler and ADP. (Dkt. No. 33, Ex. A.)

This Court held in its previous opinion that the joint check agreement between Dynamic and Statler was not sufficient to establish the type of direct contractual relationship necessary to support a claim on a Miller Act Payment Bond. (Dkt. No. 17, 2/28/06 Op. at 7.) However, in light of Statler's evidence that Dynamic orally agreed to pay Statler for materials supplied, and the fact that discovery had not yet been conducted, the Court determined that there was a genuine issue of fact as to whether Dynamic and Statler had a direct contractual relationship. (*Id.* at 8.)

Travelers has now renewed its motion for summary judgment based upon its contention that there is no admissible evidence to support Plaintiff's assertion that there was a direct contractual relationship between Dynamic and Statler. Travelers contends that Plaintiff's evidence that Dynamic orally promised to pay Statler, and not ADP, for the materials that Statler provided to the Project (Dkt. No. 14, Pl.'s Resp., Ex. 3, Statler Aff. ¶¶ 7-8), directly conflicts with the language of the written joint check agreement and is inadmissible under the parol evidence rule. Under Michigan law "[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous." *UAW-GM Human Res. Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411, 414

(Mich. App. 1998) (quoting *Schmude Oil Co. v. Omar Operating Co.*, 458 N.W.2d 659, 663 (Mich. App. 1990)).

Plaintiff opposes Traveler's renewed motion for summary judgment. (Dkt. No. 34, Pl.'s Br. in Opp.) Plaintiff contends that the parol evidence rule does not bar extrinsic evidence of the oral agreement because the written agreement was not a fully integrated agreement, and because Dynamic continued to promise to pay Statler after the written agreement was signed.

**1. Integrated Agreement**

A prerequisite to the application of the parol evidence rule is a finding that the parties intended the written agreement to be a complete and integrated expression of their agreement. *NAG Enter., Inc. v. All State Indus., Inc.*, 285 N.W.2d 770, 771 (Mich. 1979). The parol evidence rule does not preclude admission of extrinsic evidence showing "that the parties did not 'integrate' their agreement, or assent to it as the final embodiment of their understanding, or that the agreement was only 'partially integrated' because essential elements were not reduced to writing." *Id.* at 772 (citations omitted). Extrinsic evidence is admissible on the threshold question of whether the written instrument is an "integrated" agreement unless the agreement contains an explicit merger or integration clause. *UAW-GM Human Res. Ctr.*, 579 N.W.2d at 418.

The joint check agreement does not contain an explicit merger or integration clause. Accordingly, extrinsic evidence is admissible on the threshold question of whether the instrument is an integrated agreement.

Plaintiff contends that Holly Statler's first affidavit is sufficient to create a genuine issue of material fact on the issue of whether the joint check agreement is fully integrated because it contains evidence of an oral promise to pay that is not found in the joint check agreement.

Plaintiff's argument is not persuasive. The joint check agreement provides that "all payments" on the Project will be made with a "joint check" payable to Statler and ADP. Holly Statler states in her affidavit that prior to supplying materials for the Project she was given a joint check agreement which provided that Dynamic would pay by joint check payable to Statler and ADP and that she was also told orally by Dynamic that Dynamic would pay Statler and not ADP for the materials that Statler provided to the Project. (Holly Statler Aff. ¶¶ 7-8.) Plaintiff is attempting to use Holly Statler's affidavit not to supplement or add terms to the joint check agreement, but to introduce oral promises that were allegedly made contemporaneously with the joint check agreement that directly contradict the joint check agreement. This is the very kind of information the parol evidence rule is designed to exclude. "The practical justification for the [parol evidence] rule lies in the stability that it gives to written contracts; for otherwise either party might avoid his obligation by testifying that a contemporaneous oral agreement released him from the duties that he had

4

simultaneously assumed in writing." *Hamade v. Sunoco Inc. (R & M)*, 721 N.W.2d 233, 247 (Mich. App. 2006) (quoting 4 Williston, Contracts, § 631). The Court concludes that the extrinsic evidence presented is not sufficient to create an issue of fact as to whether the joint check agreement was an integrated agreement.

**2. Promises Made After the Written Agreement**

Plaintiff contends, in the alternative, that even if the joint check agreement was fully integrated, the joint check agreement was modified by Dynamic's subsequent promises to pay Statler directly. In support of this assertion Plaintiff has presented a supplemental affidavit from Holly Statler. According to Holly Statler, in all of her conversations with JOA and Dynamic it was her "understanding that Dynamic would be paying Statler for its materials either directly or by joint check." (H. Statler Suppl. Aff. ¶ 2.) She also states that in February 3, 2005, Dynamic assured her that it would pay Statler directly for the remaining monies owed Statler for materials supplied to the Project. (H. Statler Suppl. Aff. ¶ 4.)

The parol evidence rule precludes evidence of "contract negotiations, or of **prior or contemporaneous** agreements that contradict or vary the written contract." *UAW-GM Human Res. Ctr.*, 579 N.W.2d at 414 (quoting *Schmude Oil Co.*, 458 N.W.2d at 663) (emphasis added). The parol evidence rule does not bar the introduction of subsequent agreements which may operate as a modification or waiver of the parties' signed agreement. *Rasch v. Nat'l Steel Corp.*, 177 N.W.2d 428, 429-30 (Mich. App. 1970).

5

The evidence Statler has submitted is not sufficient to create an issue of fact as to whether the joint check agreement was modified by subsequent agreements. With respect to the time period that Statler was supplying ADP with materials, Statler has not presented evidence that Dynamic made any specific agreement to modify the joint check agreement. She has merely indicated that based upon conversations with JOA and Dynamic it was her "understanding" that Dynamic would pay Statler for its materials, and that such payment would be made "either directly or by joint check." Statler's ambiguous understanding of the source and the terms of the alleged modification is not sufficient to create an issue of fact as to modification. The evidence is undisputed that Dynamic made all payments on the Project to ADP and Statler with joint checks. (Dkt. No. 34, Pl.'s Br. in Opp. 2.) Moreover, Statler has not presented evidence that Dynamic ever paid Statler directly, or that it took any other action that was inconsistent with its obligations under the joint check agreement.

It was not until after Dynamic terminated its contract with ADP in October 2004 that Statler contends that Dynamic specifically advised that it would pay Statler directly. (H. Statler Supp. Aff. ¶¶ 3-4.) It is undisputed that Statler contracted with ADP to supply materials and that it was ADP's obligation to pay for those materials. Any promise by Dynamic to pay for those materials would have been a promise to pay the debts of another. The Michigan Statute of Frauds requires such an agreement to be in writing:

> In the following cases an agreement, contract, or promise is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise:

. . . .

    (b) A special promise to answer for the debt, default, or misdoings of another person.

Mich. Comp. Laws § 566.132(1) . Plaintiff has presented no evidence of any writing signed by Dynamic relating to a promise to pay ADP's debts that would satisfy the Michigan Statute of Frauds. Plaintiff's evidence of an oral promise by Dynamic to pay ADP's debts would accordingly be unenforceable under Michigan law.

    The Court concludes that Plaintiff has not come forward with evidence of a direct contract between ADP and Dynamic sufficient to support a claim on a Miller Act Payment Bond. The Court will accordingly grant Travelers' renewed motion for summary judgment and enter judgment in its favor. Although Plaintiff may not be entitled to relief under the Miller Act Payment Bond, Plaintiff is not without a remedy. Plaintiff has obtained a default judgment against ADP and Plaintiff has chosen not to pursue any claims against Dynamic in this action.

    An order and partial judgment consistent with this opinion will be entered.


DATED:  September 25, 2008              /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE